**Jo–Ellyn M. RYALL,**
**Petitioner/Respondent,**

v.

**Lynn BYRD, Respondent/Appellant.**
**No. 66535.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 15, 1995.

James Carmody, Susan M. Hais, St. Louis, for appellant.

Janet Flenner Catalona, Clayton, for respondent.

CRAHAN, Judge.

Husband appeals the decree of dissolution and division of property entered by the trial court. Husband claims that the marriage was not irretrievably broken and that the

---

property settlement was so one-sided as to constitute an abuse of discretion. We affirm.

Husband and Wife were married on December 8, 1991. Fifteen months later the couple separated. Wife petitioned the trial court for a dissolution of marriage. The trial court granted the petition finding that the marriage was irretrievably broken because Husband had acted in such a way that Wife could not reasonably be expected to live with Husband. The court awarded marital property valued at $112,638.58 to Wife and $12,000.00 to Husband. Husband appeals both the granting of the dissolution and the division of property.

■ This court will not reverse the decision of the trial court to grant the dissolution unless it is unsupported by substantial evidence, against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The division of property is also within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Mehra v. Mehra*, 819 S.W.2d 351, 351 (Mo. banc 1991).

■ Husband's contention that the marriage is not irretrievably broken is specious. In its findings of fact, the court found the testimony of Wife to be credible while finding Husband's conjectures implausible. The court listed nine separate instances of misconduct in support of its finding of irretrievable breakdown. These included findings that Husband called Wife vulgar names, threw Wife's clothes out of the house, threatened to kill Wife and himself, destroyed property, humiliated Wife at professional functions and frequently criticized Wife. There is substantial evidence in the record to support the trial court's finding that these events had occurred. The trial court did not err in finding the marriage to be irretrievably broken. Point denied.

Husband next contends that the court's division of the property was so grossly and unduly weighted in Wife's favor that it is unsupported by the evidence and an abuse of discretion. Husband further claims that the trial court put an inordinate focus on the marital conduct of the parties. However, the record and the findings of fact do not support this claim.

■ The division of marital property is governed by § 452.330 RSMo 1994. The statute requires a "just" division of property, not an equal one. *Mehra v. Mehra*, 819 S.W.2d 351, 358 (Mo. banc 1991). The statute sets forth several factors to guide the court in dividing the property including (1) the economic circumstances of each party at the division of property, (2) contributions of each spouse during the marriage, (3) the value of nonmarital property, (4) the conduct of the parties during the marriage, and (5) custody of minor children.[1] The trial court has great flexibility and far reaching power in dividing marital property and there is no formula respecting the weight to be given relevant factors which the court may consider. *In re Marriage of Gourley*, 811 S.W.2d 13, 20 (Mo.App.1991).

■ At the time of trial Wife was employed as a doctor earning a substantial income and Husband was employed as a certified public accountant with a salary of $40,000 per year. Both parties were in an economic position to support themselves and were not dependent on any property awarded to provide for their individual needs. The first factor therefore had little, if any, relevance to a just division of property in this case.

During their 15 months of marriage, Wife contributed almost exclusively to the parties' income. Although marriage is analogized to a partnership in Missouri, the trial court may properly give greater weight to a disparity in financial contributions where the union was of relatively short duration. *In re Marriage of Hash*, 838 S.W.2d 455, 460 (Mo.App.1992). The marital home was purchased primarily from proceeds of Wife's previous residence. Wife contributed substantial amounts of income to the marriage. Husband contributed little income or assets to the marriage. Husband had declared bankruptcy shortly before the marriage and was not employed throughout most of the marriage. Although Hus-

1. This factor is irrelevant in this case because there were no children born of the marriage.

band did some basic repairs and improvements around the house, evidence also showed that both Husband and Wife acted as homemakers. The trial court specifically found that Husband had not demonstrated career forbearance during the marriage. The second factor thus would support an award substantially favoring Wife even in the absence of Husband's misconduct.

The third factor, the nonmarital property set aside to each spouse, is intended to enable the trial court to determine if the division of assets will be sufficient to support an economically dependent spouse. *In re Marriage of Hash*, 838 S.W.2d 455 (Mo.App. 1992). In this case the evidence showed that neither party was in a position of economic dependence. Both were gainfully employed at the time of the property division. Both disclosed enough income to be economically self-sufficient.

The last factor is the conduct of the parties during the marriage. This factor clearly weighs in favor of Wife based upon the findings of the trial court and the incidents mentioned earlier in this opinion.[2]

Based on the foregoing, we hold that the trial court's division of property was not an abuse of discretion given the brevity of the marriage, economic independence of the parties, the parties' respective relative contributions to the marital property, and Husband's misconduct. Husband's second point is without merit.

The trial court's judgment is affirmed. Wife's motion for damages for frivolous appeal is denied. Costs are assessed to Husband.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.

---

**2.** There was also evidence that after the parties' separation, Husband misappropriated tax credits attributable to Wife's medical practice causing her substantial difficulties with the Internal Revenue Service.